UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS )
)
)
v.                     )        C.A. No. 21-11506-PBS
)
ABAN EL CURRAGH            )

**ORDER OF REMAND**

December 2, 2021

~~November~~ __, 2021

Saris, D.J.

State pretrial detainee Aban El Curragh has filed a
document captioned as a notice of removal of a pending state
court criminal action against him.  (Docket Entry No. 1).  He
alleges therein that his "constitutionally secured rights to due
process have been severely violated by [the] Malden District
Court and its acting judges."  Id. at 1.

The Court lacks jurisdiction over the state criminal
prosecution against El Curragh.  Under 28 U.S.C. § 1443, the
following classes of prosecutions may be removed by the
defendant to federal court: (1) a prosecution "[a]gainst any
person who is denied or cannot enforce" in state court "a right
under any law providing for the equal civil rights of citizens
of the United States, or of all persons within the jurisdiction
thereof"; and (2) a prosecution "[f]or any act under color of
authority derived from any law providing for equal rights, or

for refusing to do any act on the ground that it would be
inconsistent with such law." 28 U.S.C. § 1443(1)-(2).

The criminal proceedings against El Curragh do not fall
into either category. El Curragh's allegations do not provide
the Court any basis to believe that he cannot enforce his
federal rights in a state forum. *See City of Greenwood v.
Peacock*, 384 U.S. 808, 828 (1966) (prosecutions removable under
§ 1443(1) only in "the rare situations where it can be clearly
predicted by reason of the operation of a pervasive and
explicitly state or federal law that those rights will
inevitably be denied by the very act of bringing the defendant
to trial in the state court"). Further, El Curragh cannot avail
himself of § 1443(2) because his is not being prosecuted for an
"act under color of authority."

To the extent that El Curragh is bringing a separate civil
action, the Court would abstain from exercising jurisdiction
over the claim. "Federal courts have long recognized 'the
fundamental policy against federal interference with state
criminal proceedings.'" *In re Justices of Superior Court Dept.
of Mass. Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000) (quoting
*Younger v. Harris*, 401 U.S. 37, 46 (1971))). Federal courts
"abstain from interfering with state court proceedings even
where defendants claim violations of important federal rights,"
*id.* at 17, as long as the "federal claims" can be "raised and

resolved *somewhere* in the state process," *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).  El Curragh has not alleged that he is unable to raise his claims of constitutional violations in the state court proceedings—whether before the trial court or on appeal—and the Court cannot discern why he would be precluded from doing so. Thus, the Court will not insert itself into the state criminal prosecution against El Curragh.

Accordingly, this action is REMANDED to the Malden District Court.

SO ORDERED.

PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

3